## 18992

Athaline WALLING, Respondent, v. John DOE and One 1965 GMC Truck Bearing South Carolina License Plate No. P 16/T 48097, Appellant.

(171 S. E. (2d) 494)

*J. Reese Daniel, Esq.,* of Columbia, *for Appellant,*

*Messrs. Lee & Ball,* of Columbia, *for Respondent,*

*J. Reese Daniel, Esq.,* of Columbia, *for Appellant,*

December 12, 1969.

Lewis, Justice.

Plaintiff sustained injuries when the automobile in which she was a passenger collided with a truck on State Highway 555, near Columbia, South Carolina. The driver of the truck left the scene immediately following the collision and his identity is unknown. This action was then brought against the unknown driver as "John Doe," in accordance with the provisions of the Uninsured Motorist Act, to establish liability for the damages sustained by plaintiff. Sections 46-750.34 and 46-750.35, Supplement to the 1962 Code of Laws. The trial resulted in a verdict for plaintiff for both actual and punitive damages. Defendant has appealed, contending that a new trial should be granted on several grounds. We need consider only one.

In instructing the jury, the trial judge read to them the provisions of Section 46-750.34, *supra,* relating to the conditions for recovery under the uninsured motorist provisions of a liability insurance policy; and told them that all of the conditions of the statute had been met. Such instruction clearly injected the question of liability insurance into the case. Defendant contends that the instruction was prejudicial and entitles him to a new trial. We agree.

As a general rule, it is improper in an action for damages to make known to a jury that there is liabilty insurance to pay the amount of any recovery.

The instruction in question could have left no doubt that there was uninsured motorist liabilty coverage to pay any judgment rendered. While we realize that the trial judge was attempting to explain to the jury the nature of the "John Doe" action and had no purpose to prejudice, the ultimate effect of the instruction was, not only to mention, but to emphasize the presence of liability insurance and amounted to reversible error.

Reversed and remanded for a new trial.

Moss, C. J., BUSSEY and LITTLEJOHN, JJ., and LOUIS ROSEN, Acting Associate Justice, concur.